```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                  CORPUS CHRISTI DIVISION

L.J. MCCOY and ANTONIO V.      §
THOMPSON,                      §
                               §
     Plaintiffs,               §
                               §
vs.                            §    C.A. NO. C-05-370
                               §
TEXAS DEPARTMENT OF CRIMINAL   §
JUSTICE, et al,                §
                               §
     Defendants.               §
```

## ORDER GRANTING IN PART, DENYING IN PART, DEFENDANT TDCJ'S MOTION TO DISMISS

In this civil rights action, Plaintiffs, the surviving grandmother and brother of the deceased, Micah Burrell, are suing the Texas Department of Criminal Justice (TDCJ) and certain McConnell unit officers and officials, alleging that defendants caused Burrell's untimely death. (D.E. 1, 8, and 17). The TDCJ moves to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6), Fed. R. Civ. P. (D.E. 12). For the reasons stated herein, the TDCJ's motion to dismiss is granted in part, and denied in part.

### I.   JURISDICTION

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

### II.  PROCEDURAL AND FACTUAL BACKGROUND

At the time of the incidents forming the basis of Plaintiffs' complaint, Burrell was a TDCJ prisoner incarcerated at the

McConnell Unit in Beeville, Texas. (D.E. 8 at ¶ 1.) Burrell suffered from asthma and his ability to breathe was limited. (Id. at ¶ 11.)

On August 1, 2004, Burrell was housed in Administrative Segregation. (Id. at ¶ 14.) While in his cell, Burrell suffered an asthma attack and could not breathe. (Id. at ¶ 15). Inmates called for help. (Id. at ¶ 15). Officer Benevides arrived at Burrell's cell but did not immediately call for medical attention. (D.E. 17 at ¶ 16). Lieutenant De La Rosa, Nurse Cubbage, Officer Rodriguez, Officer Segovia, and Officer Perez also came to Burrell's cell. (Id.) When Nurse Cubbage was permitted to enter Burell's cell, she found he was not breathing and called for an ambulance. (Id. at ¶ 17.) Burrell died from suffocation. Id.

Plaintiffs filed suit on July 27, 2005, alleging that the TDCJ violated Burell's Eighth Amendment right to be free from cruel and unusual punishment. (D.E. 1.) Plaintiffs also alleged that Defendants violated Burrell's rights under Title II of the American's with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act, and Chapter 121 of the Texas Human Resources Code. (Id.) On September 16, 2005, Plaintiffs filed their first amended complaint naming Lieutenant De La Rosa as a defendant. (D.E. 8.) On November 2, 2005, Plaintiffs sought leave to file their second amended complaint to add as defendants nurse Rhonda Cubbage and correctional officers Juan Benevides, Rodney Rodriguez,

Samuel Segovia, and Joel Perez. (See D.E. 16, 17.)[1]

**III. DISCUSSION**

    **A.   SOVEREIGN IMMUNITY**

The TDCJ moves for dismissal arguing that plaintiff's Rehabilitation Act, ADA, and Texas Human Resources Code claims are barred by sovereign immunity and the Eleventh Amendment.

The Eleventh Amendment bars a suit for monetary damages against a state or state agency. Seminole Tribe of Florida v. Florida, 116 S. Ct. 1104 (1996). And see Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998), cert. denied, 528 U.S. 851 (1990) (the State of Texas and its instrumentalities enjoy Eleventh Amendment Immunity). Eleventh Amendment immunity is not available if it is (1) abrogated by Congress under the Enforcement Clause of the Fourteenth Amendment or (2) the state consents to suit in federal court. Pace v. Bogalusa City School Bd., 403 F.3d 272, 276-77 (5th Cir. 2005).

    **(1)  Rehabilitation Act.**

Section 504 of the Rehabilitation Act prohibits discrimination against qualified individuals with disabilities by recipients of federal financial assistance. 29 U.S.C. § 794 et seq. Pursuant to 42 U.S.C. § 2000d-7, states receiving federal assistance specifically waive Eleventh Amendment immunity in § 504 actions:

---

[1] Defendants oppose plaintiffs' motion for leave to file their second amended complaint. See D.E. 19.

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 . . . or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

Id. at (a)(1). That is, a state, or state agency, consents to be sued under the Rehabilitation Act when it accepts federal funds. Miller v. Texas Tech University Health Sciences Center, 421 F.3d 342 (5th Cir. 2005)(en banc); Pace v. Bogalusa City School Bd., 403 F.3d 272 (5th Cir. 2005)(en banc) (§ 2000d-7 "clearly, unambiguously, and unequivocally conditions receipt of federal funds . . . on the State's waiver of Eleventh Amendment Immunity.").

The TDCJ is an arm of the State of Texas. Sherwinski v. Peterson, 98 F.3d 849, 851 (5th Cir. 1996). However, the TDCJ does not dispute that it is a recipient of federal funds. As such, it is not entitled to immunity on Plaintiffs' Rehabilitation Act claims. Defendant's Motion to Dismiss Plaintiffs' Rehabilitation Act claims based on Eleventh Amendment immunity is DENIED.

**(2) Americans with Disabilities Act.**

The TDCJ argues that it is entitled to immunity from Plaintiffs' claim under Title II of the ADA.

Title II "prohibits any public entity from discriminating against 'qualified' persons with disabilities in the provision or operation of public services, programs, or activities." Tennessee

v. Lane, 541 U.S. 509, 517 (2004); 42 U.S.C. § 12131 et seq. Like the Rehabilitation Act, the ADA also has an implementing statute that addresses state sovereign immunity. 42 U.S.C. § 12202 provides that:

> A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

42 U.S.C. § 12202.

Congress's power to abrogate immunity is limited to its enforcement power under the Fourteenth Amendment. See, e.g., Bd. of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 364-65 (2001). It may not use its enforcement power to work a "substantive change in the governing law." City of Boerne v. Flores, 521 U.S. 507, 518 (1997). To determine whether an abrogation of immunity is a valid exercise of the enforcement power, district courts must: (1) identify the scope of the constitutional right at issue; (2) determine whether Congress identified a history and pattern of unconstitutional conduct by the states; and (3) analyze whether the statute at issue is an appropriate and proportional response to that pattern of conduct. Garrett, 531 U.S. at 365; see also Miller v. King, 384 F.3d 1248,

1269 (11th Cir. 2004).

Plaintiffs argue that the constitutional right at issue is Burrell's Eighth Amendment right to be free from cruel and unusual punishment.  (See D.E. 15 at ¶ 13.)  In order to establish an Eight Amendment violation under § 1983, a plaintiff must demonstrate that prison officials acted with "deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  Farmer, 511 U.S. at 837.  The deliberate indifference standard "describes a state of mind more blameworthy than negligence."  Id. at 835.

Unlike the Eighth Amendment, subjective state of mind is essentially irrelevant under Title II.  Title II requires that a prison undertake "reasonable modifications" to its rules, policies, and practices to accommodate persons with disabilities *without regard* to the state of mind of its actors.  See 42 U.S.C. § 12131(2).  In addition, where the Eighth Amendment address punishment, Title II regulates a wider array of prison activity, including areas of prison administration, job training, counseling, and prison work.  Miller v. King, 384 F.3d 1248, 1274 (11th Cir. 2004).  Title II of the ADA is not a comparable means of enforcing

the Eighth Amendment. As such, the TDCJ is entitled to immunity from Plaintiffs' ADA claim, and the TDCJ's motion to dismiss Plaintiffs' ADA claim is GRANTED.

### 3. Texas Human Resources Code

Plaintiffs' have alleged claims under the Texas Human Resources Code. However, the Eleventh Amendment bars a federal court from adjudicating pendant state law claims against non-consenting state defendants. See, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 120-21 (1984). Here, there is no indication that Texas intended to waive its Eleventh Amendment immunity and consent to suit under the Human Resources Code. Accordingly, the TDCJ is entitled to immunity on this claim and its Motion to Dismiss Plaintiff's Texas Human resources Code claim is GRANTED.

### B. 42 U.S.C. § 1983 CLAIM

Plaintiffs allege that the TDCJ violated Burrell's right to be free from cruel and unusual punishment in violation of 42 U.S.C. § 1983. Section 1983 provides, in relevant part, that:

> Every person who, under color of [law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. The TDCJ alleges that it cannot be held liable under § 1983 because it is not a "person" within the meaning of the statute.

For purposes of § 1983 liability, neither a state nor state agencies, are "persons" against whom a § 1983 claim can be stated. See, e.g., Lapides v. Board of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 617 (2002) (noting that a "[s]tate is not a 'person' against whom a § 1983 claim for money damages might be asserted"); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) (concluding that the "State is not a 'person' within the meaning of § 1983"). Moreover, a suit against a state official in his or her official capacity for money damages is a suit against the state and is thus barred by the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 25 (1991); Will, 491 U.S. at 71. Thus, to the extent Plaintiffs are suing the individual defendants in their official capacities for monetary damages, those claims are barred by the Eleventh Amendment.

State officials sued for injunctive relief in their official capacities are "persons" subject to liability under § 1983. Hafer, 501 U.S. at 27; Will, 491 U.S. at 71 n. 10. Thus, to the extent Plaintiff's are suing the individual defendants in their official capacities for injunctive relief, such claims are not barred. Moreover, Plaintiffs may maintain their claims for money damages against defendants in their individual capacities.

## IV. CONCLUSION

For the reasons discussed above, the Court grants in part, and denies in part, the TDCJ's motion to dismiss (D.E. 12).

Specifically:

(1) The TDCJ's motion to dismiss Plaintiffs' Rehabilitation Act claim is DENIED;

(2) The TDCJ's motion to dismiss Plaintiffs' § 1983, ADA, and Texas Human Resources Code claims against the TDCJ is GRANTED and those claims are dismissed with prejudice as barred by the Eleventh Amendment; and

(3) The TDCJ's motion to dismiss Plaintiffs' § 1983 claims against the TDCJ employees for money damages in their official capacities is GRANTED and those claims are dismissed with prejudice as barred by the Eleventh Amendment.

Plaintiffs' § 1983 claims against the TDCJ employees for injunctive relief in their official capacities, as well as for money damages in their individual capacities, survive the TDCJ's Motion to Dismiss.

SIGNED and ENTERED this the   1st   day of December, 2005.

_____
Janis Graham Jack
United States District Judge