```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                   CORPUS CHRISTI DIVISION
```

| | | |
|---|---|---|
| L.J. MCCOY and ANTONIO V. THOMPSON, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | C.A. NO. C-05-370 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al, | § § § | |
| Defendants. | § | |

## ORDER

On December 1, 2005, this Court issued an order granting in part, denying in part, Defendant Texas Department of Criminal Justice's ("TDCJ") Motion to Dismiss. In this order, the Court found that Plaintiffs' claims under Title II of the Americans With Disabilities Act ("ADA") against TDCJ were barred by sovereign immunity. The court relied on the fact that Title II of the ADA had a much broader sweep than the Eighth Amendment to the Constitution. Therefore, this Court reasoned that Title II did not validly abrogate sovereign immunity under the test laid out in by the Supreme Court in <u>City of Boerne v. Flores</u>, 521 U.S. 207 (1997).

On January 10, 2006, however, the Supreme Court decided the case of <u>United States v. Georgia</u>, 546 U.S. ___; 2006 WL 43973 (Jan 10, 2006). In that case, the Supreme Court held that, insofar as a plaintiff bases his Title II claims on conduct that actually violates the Eighth Amendment, Title II validly abrogates sovereign

immunity.  Id. at *4.  Because the plaintiff in Georgia had validly stated a claim under the Eighth Amendment, the Supreme Court reversed and remanded for the lower court to determine "to what extent the conduct underlying [his] constitutional claims also violated Title II."  Id. at *5.

In this case, Plaintiff has alleged conduct which, if true, would actually violate the Eighth Amendment.  In order to state an Eighth Amendment claim, a plaintiff must show that prison officials acted with "deliberate indifference" to a prisoner's serious medical needs.  See, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Plaintiff has sufficiently alleged such "deliberate indifference" in this case by claiming that: (1) Micah Burrell ("Burrell") was "severely asthmatic" and that prison officials were aware of this fact; (2) prison officials "intentionally and deliberately" failed to provide Burrell with provide Burrell with an inhaler or properly ventilated cells; (3) prison officials knowingly took away Burrell's fan and assigned him to a hot and poorly ventilated cell as a punishment; and (4) prison officials refused to treat Burrell after he suffered an asthma attack in his cell.  (Pl.'s Sec. Am. Compl. at ¶ 11-18.)  These allegations are sufficient to state a claim under the Eighth Amendment.  Therefore, Plaintiffs' Title II claims, to the extent they rely on this same set of conduct, are not barred by sovereign immunity.

Finally, this Court finds that it has jurisdiction, pursuant

to Federal Rule of Civil Procedure 54(b), to reconsider and amend its earlier order and accompanying judgment.  That rule provides that a judgment that disposes of fewer than all of a plaintiff's claims is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties" unless the Court makes an "express determination that there is no just reason for delay."  Id.; see also Burge v. Parish of St. Tammany, 187 F.3d 452, 467 (5th Cir. 1999) (quoting Lauderdale County Sch. Dist. v. Enterprise Consol. Sch. Dist., 24 F.3d 671, 680 (5th Cir. 1994)).  In this case, the Court's December 1, 2005, judgment, did not contain an express determination that there was no just reason for delay.  Therefore, the judgment remains subject to revision by the Court.

For these reasons, IT IS HEREBY ORDERED THAT:

(1) This Court's December 1, 2005, Order (D.E. 23) and accompanying Final Judgment (D.E. 24) are VACATED to the extent they dismiss Plaintiffs' ADA claims against the Texas Department of Criminal Justice; and

(2) Plaintiffs' claims against Texas Department of Criminal Justice pursuant to Title II of the ADA are hereby REINSTATED.

SIGNED and ENTERED this the 17th day of January, 2006.

_____
Janis Graham Jack
United States District Judge