```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION
```

| | |
|---|---|
| L.J. MCCOY and ANTONIO V. THOMPSON, § § § | |
| Plaintiffs, § § | |
| vs. § § | C.A. NO. C-05-370 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al, § § § § | |
| Defendants. § | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On this day came on to be considered Defendant Rhonda Cubbage's Motion to Dismiss Plaintiffs' Second Amended Complaint. (D.E. 53.)  For the reasons discussed below, the Court DENIES Defendant's Motion.

### I.   JURISDICTION

The Court has federal question jurisdiction over this suit pursuant to 28 U.S.C. § 1331.

### II.  BACKGROUND

On July 27, 2005, Plaintiffs L. J. McCoy and Antonio Thompson (collectively "Plaintiffs") filed suit in this Court against the Texas Department of Criminal Justice ("TDCJ").  Plaintiffs sued on behalf of Micah Burrell ("Burrell"), deceased, alleging that TDCJ had caused Burrell's death and violated his rights under the Eighth Amendment, the Americans with Disabilities Act, § 504 of the Rehabilitation Act, and Chapter 121 of the Texas Human Resources

-1-

Code.  (Pls.' First Am. Compl. at ¶¶ 1-3.)  On January 6, 2006, Plaintiffs amended their complaint to add several TDCJ employees as defendants, including Nurse Rhonda Cubbage ("Nurse Cubbage" or "Defendant Cubbage").  (Pls.' Sec. Am. Compl. ("PAC") at ¶¶ 8-9.)  Plaintiffs sued Nurse Cubbage only in her individual capacity pursuant to 42 U.S.C. § 1983 for allegedly violating Burrell's Eighth Amendment rights.  (See D.E. 31.)  On April 28, 2006, Defendant Cubbage moved to dismiss the Plaintiffs' claim against her on qualified immunity grounds.  (D.E. 53.)

**A.   Factual Allegations**

With respect to the § 1983 claim against Nurse Cubbage, Plaintiffs have alleged the following facts:

Before his death, Micah Burrell was a prisoner in the custody of the TDCJ and incarcerated at the McConnell Unit in Beeville, Texas.  (PAC at ¶ 1.)  Burrell suffered from severe asthma, which Plaintiffs claim substantially limited his ability to breathe.  (PAC at ¶ 11.)  The administrators and staff of the McConnell Prison Unit were aware of Burrell's asthma but nonetheless housed him in the Administrative Segregation Unit of the prison, which is notorious for its poor ventilation and extreme heat in the summer months.  (PAC at ¶¶ 12, 14.)  Prison officials also took away Burrell's fan as a punishment.  (PAC at ¶ 14.)  TDCJ officials knew that the conditions in the Administrative Segregation Unit would make it very difficult for Burrell to breathe and increase his

chances of suffering an asthma attack.  (PAC at ¶ 14.)

On August 1, 2004, Burrell was in his cell when he experienced an asthma attack and had difficulty breathing.  (PAC at ¶ 15.) Other inmates began to call for help.  (PAC at ¶ 15.)  Officer Juan Benevides arrived at Burrell's cell but did not immediately call for medical assistance.  (PAC at ¶ 16.)  According to Plaintiffs, when Nurse Cubbage finally arrived at the cell, she was unprepared and refused to assist Burrell. (PAC at ¶¶ 16, 17.)  Rather, Nurse Cubbage and others stood outside of the cell for ten to fifteen minutes "cracking jokes" and accusing Burrell of faking while he was, in fact, suffocating on the floor.  (PAC at ¶¶ 16, 17.)  When Nurse Cubbage finally examined Burrell, he was unresponsive and not breathing.  (PAC at ¶ 18.)  An ambulance was called, but Burrell ultimately died from suffocation.  (PAC at ¶ 18.)

### III.  DISCUSSION

#### A.  Qualified Immunity

Qualified immunity shields a government official from personal liability if her actions did not violate "clearly established . . . constitutional rights of which a reasonable person would have known."  See, e.g., Hope v. Pelzer, 536 U.S. 730, 739 (2002); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity operates to ensure that before officials are subjected to suit, they are on notice that their conduct is unlawful.  Saucier v. Katz, 533 U.S. 194, 206 (2001).  Determining whether or not a

defendant is entitled to qualified immunity requires a two-step analysis: (1) whether the official violated a clearly established constitutional right; and (2) whether the official's conduct was objectively reasonable.  Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 576 (5th Cir. 2002).  The issue of qualified immunity is ordinarily one of law for the court to decide.  See Hunter v. Bryant, 502 U.S. 224, 228 (1991).

**B.   Motion to Dismiss Standard**

Motions to dismiss are viewed with disfavor and are rarely granted.  Test Masters Educational Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005).  In analyzing a motion to dismiss, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true."  Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).  Dismissal is proper only where, viewing the facts in the light most favorable to the plaintiff, "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [his] claim which would entitle [him] to relief."  Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995); see also Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003).

With respect to claims subject to a qualified immunity defense, however, the Fifth Circuit requires a heightened pleading standard.  In order to state a cause of action under this heightened pleading requirement, the plaintiff "must identify

defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." See, e.g., Anderson v. Pasadena Independent School Dist., 184 F.3d 439, 443 (5th Cir. 1999); Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995). The plaintiff cannot rely on conclusory allegations. Jackson v. Widnall, 99 F.3d 710, 716 (5th Cir. 1996). Rather, the plaintiff must "allege specific conduct giving rise to a constitutional violation." Anderson, 184 F.3d at 1434; see also Jackson, 99 F.3d at 716 (stating that constitutional violations must be pled with "factual detail and particularity"). In other words, a plaintiff must "allege[] with particularity all material facts on which [she] contends she will establish her right to recovery . . . includ[ing] detailed facts supporting the contention that the plea of immunity cannot be sustained." Warnock v. Pecos County, 116 F.3d 776, 779 (5th Cir. 1997). This does not prevent a plaintiff, however, from relying on circumstantial evidence in support of his or her claim. See Warnock, 116 F.3d at 779 (citing Siegert v. Gilley, 500 U.S. 226, 236 (1991)).

**C.   § 1983 Eighth Amendment Claim**

In this case, Plaintiffs claim that Nurse Cubbage violated Burrell's right under the Eighth Amendment by "refusing to treat [his] serious medical condition." (PAC at ¶ 30.) In order to state an Eighth Amendment claim for denial of adequate medical

treatment, a prisoner must allege "that he was exposed to a substantial risk of serious harm." Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002). Plaintiff must then allege the official acted with deliberate indifference to his serious medical needs. Wilson v. Seiter, 501 U.S. 294, 303 (1991); Estelle v. Gamble, 429 U.S. 97, 105 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference, however, "is an extremely high standard to meet." Domino v. Texas Dep't of Crim. Justice, 239 F.3d 752, 756 (5th Cir. 2001). It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and, perceiving the risk, the official must deliberately fail to act. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Merely negligent medical care is not sufficient to state a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim"). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982).

In this case, the Court finds that Plaintiffs have alleged that Nurse Cubbage acted in a way which, if true, would violate the Eighth Amendment. Plaintiffs alleged that Burrell was exposed to

a substantial risk of serious harm when he suffered an asthma attack in a facility with poor ventilation and extreme heat. (PAC at ¶¶ 12, 14.) Plaintiffs have also alleged facts giving rise to an inference that Nurse Cubbage was aware that Burrell had serious medical needs. For example, Plaintiffs claimed that prison staff knew that Burrell had severe asthma and knew that the conditions in the Administrative Segregation Unit increased the risk of an asthma attack. (PAC at ¶¶ 12, 14.) Plaintiffs also alleged that Nurse Cubbage observed Burrell suffocating on the floor of his cell.[1] (See PAC at ¶¶ 16, 17.) Finally, Plaintiffs have sufficiently alleged that Nurse Cubbage deliberately failed to act in the face of Burrell's serious medical needs. Instead, Plaintiffs claimed that Nurse Cubbage "stood outside the cell for an additional ten to fifteen minutes cracking jokes" and "taunted [Burrell] and accused him of faking his asthma." (PAC at ¶¶ 16, 17.) These allegations are sufficient to state an Eighth Amendment claim.

Moreover, the Court finds that the conduct alleged by Plaintiffs was "objectively unreasonable" in light of clearly established law at the time of the incident. In <u>Fielder v. Bosshard</u>, 590 F.2d 105 (5th Cir. 1979), the Fifth Circuit addressed a case in which a prisoner asked jailers for medical attention for

---

[1] Plaintiffs might prove Nurse Cubbage's awareness of Burrell's serious medical needs by demonstrating the obviousness of his condition. <u>See</u> <u>United States v. Gonzales</u>, 436 F.3d 560 573-74 (5th Cir. 2006) (citing <u>Farmer</u>, 511 U.S. at 842-44).

delirium tremens.  Id. at 108.  The prisoner had severe symptoms, including mumbling incoherently and waving his arms, but jailers nevertheless accused him of "faking," "joking," and "putting on." Id.  A jury found that the jail officers acted with deliberate indifference to serious medical needs and the Fifth Circuit affirmed, stating that:

> both severity of the apparent illness and the [jailers'] off-hand, callous comments with respect to [the prisoner's] welfare belie the theory that they merely misdiagnosed a prisoner's sickness.  There is a vast difference between an earnest, albeit unsuccessful attempt to care for a prisoner and a cold hearted, casual unwillingness to investigate what can be done for a man who is obviously in desperate need of help.

Id.  The Fifth Circuit held that the prisoner's evidence was sufficient, both "to support the jury's verdict" and to "negate the [jail officers'] qualified immunity."  Id. at 108-10.  Thus a reasonable prison official would know that mocking and refusing to treat a prisoner who is suffering and exhibiting symptoms of a serious medical condition, violates the Eighth Amendment.  See Id.; see also Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002) (affirming finding of deliberate indifference where jail nurses saw a prisoner's ulcers, knew of the seriousness of his condition, yet failed to follow doctors' instructions to change his dressings regularly, turn him every couple of hours, provide him with a foam mattress, and conduct hydrotherapy).

Plaintiffs have not relied on conclusory allegations in their complaint, but have identified "detailed facts supporting the

contention that the plea of immunity cannot be sustained." Warnock, 116 F.3d at 779.  Nurse Cubbage's alleged-involvement in the incident is specifically identified.  Under these circumstances, the Court finds that Plaintiffs have "alleged with particularity all material facts on which [they] contend[ they] will establish [their] right to recovery . . . includ[ing] detailed facts supporting the contention that the plea of immunity cannot be sustained."  Id.  Therefore, Plaintiffs have met their pleading burden and stated an Eighth Amendment claim against Nurse Cubbage despite her assertion of qualified immunity.  Defendant Cubbage's motion to dismiss is therefore DENIED.

## IV.   CONCLUSION

For the reasons discussed above, Defendant Cubbage's Motion to Dismiss is DENIED.

SIGNED and ENTERED this the 19th day of May, 2006.

_____
Janis Graham Jack
United States District Judge