```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                CORPUS CHRISTI DIVISION
```

| | | |
|---|---|---|
| L.J. MCCOY and ANTONIO V. THOMPSON, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | C.A. NO. C-05-370 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al, | § § § § | |
| Defendants. | § | |

**ORDER**

On this day the Court held a telephone conference in the above-styled action. At the hearing, the Court made the following rulings:

1. Plaintiffs' "Motion for Leave to File Third Amended Complaint" (D.E. 111) is GRANTED. Contrary to Defendants' objection, the amendment of the complaint relates-back to the filing of the original complaint and thus negates any statute of limitations concerns. See Fed. R. Civ. P. 15(c)(1)-(2); Flores v. Cameron County, 92 F.3d 258, 271-73 (5th Cir. 1996) (post-trial amendment of complaint to allege proper capacity to represent a deceased person's estate related-back to original pleading under Rule 15(c)); Gomez v. Texas Windstorm Ins. Ass'n, No. 13-04-598-CV, 2006 WL 733957 at *2 (Tex. App.--Corpus Christi 2006) (unpublished) ("So long as the purpose and the nature of the claim asserted are clear from the outset, the substitution

     of a personal representative for a party without capacity does not introduce a new or different cause of action and the substitution should satisfy the relation-back doctrine"); see also Austin Nursing Center, Inc. v. Lovato, 171 S.W.3d 845, 852-53 (Tex. 2005).

2. Plaintiffs sought to exclude Defendants' expert witnesses for alleged-deficiencies in their written expert reports.  At the August 11, 2006, telephone conference, this Court declined to decide whether the language of Federal Rule of Civil Procedure 26(a)(2)(B) required Defendants to provide Plaintiffs with written reports for their experts witnesses.  (See D.E. 105.)  Nevertheless, the Court used its discretion to make the report requirement applicable to all Defendants' experts in this case.  (Id.)  If Defendants fail to provide Plaintiffs with written reports for their experts witnesses that comply with the requirements of Rule 26(a)(2)(B), the Court will not allow those witnesses to testify at trial.

SIGNED and ENTERED this the 5th day of September, 2006.

_____
Janis Graham Jack
United States District Judge